E-FILED
Friday, 04 April, 2014 03:21:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIE HENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 14-3027-SEM-TSH |
| DR. VALLABHANENI, | ) |
| Defendant. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Willie Henderson, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendant Dr. Vallabhaneni under 42 U.S.C. § 1983.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma

1

pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Henderson alleges that he was a civilly committed person from 2000 through 2011 at Rushville and that, during this time period, he received and took psychotropic medication. In late 2011, Dr. Tim Walla removed Henderson from all psychotropic medication.

In May 2013, Henderson received a conditional release hearing in a state court in Chicago, Illinois. That state court released Henderson from Rushville on the condition that he be placed back on psychotropic medication.

Dr. Vallabhaneni prescribed Henderson to take Lamictal as ordered by the state court. Henderson alleges that Dr. Vallabhaneni prescribed Lamictal without examining him first. Henderson further alleges that he suffered severe side effects from Lamictal and that these side effects resulted in his being placed back in detention at Rushville. Henderson asserts that Dr. Vallbhaneni's actions deprived him of his due process rights, constituted deliberate indifference in violation of his Eighth Amendment rights, and constituted medical malpractice.

Henderson does not specify whether he is alleging that Dr. Vallabhaneni deprived him of his substantive or procedural due process rights, but the failure to do so is of no consequence. Henderson received the procedural due process to which he was entitled during his state court conditional release hearing, and the state court ordered that he be placed on psychotropic medication in order to be conditionally released. Therefore, Henderson received the due process to which he was entitled.

Moreover, Henderson does not allege that Dr. Vallabhaneni possessed the authority to re-institute him, thereby depriving him of his liberty interests under the Fourteenth Amendment.

Accordingly, the Court finds that Henderson's due process claim fails to state a cause of action upon which relief can be granted. *Seibert v. Alt*, 2002 WL 370019, * 1 (7th Cir. Mar. 4, 2002)("While involuntarily-committed individuals retain certain liberty rights, decisions made by professionals regarding conditions of confinement are presumptively correct."); *Williams v. Nelson*, 398 F. Supp. 2d 977, (W.D. Wis. 2005)(finding no due process violation where the decisions regarding a detainee's treatment were not made by unqualified individuals and his treatment was not outside the bounds of professional judgment).

The Court also finds that Henderson's deliberate indifference claim fails to state a cause of action upon which relief can be granted. The deliberate indifference standard requires a plaintiff to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the '[] officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting

*Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).

"With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that [an] official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."). In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted).

Here, Dr. Vallabhaneni prescribed the psychotropic drug Lamictal pursuant to a state court order. Henderson has not alleged that Lamictal is not a proper drug used to treat someone with his condition or that it was contrary to the state court judge's order. Instead, Henderson alleges that the drug's side effects were such that it led him to be re-instituted at Rushville.

Henderson's allegations may constitute medical malpractice in that Dr. Vallabhaneni did not examine Henderson or check his medical records before prescribing Lamictal to him, but Dr. Vallabhaneni's actions do not constitute criminal recklessness. Dr. Vallabhaneni possessed a court order directing that Henderson receive psychotropic medication, and Lamictal is a valid psychotropic medication for someone with Henderson's issues.

The Court cannot say at this point, however, that any amendment to Henderson's Complaint would be futile. Fed. R. Civ. Pro. 15. Accordingly, the Court will give Henderson 21 days from the date of this Order within which to file an Amended Complaint. If he chooses to file an Amended Complaint, Henderson should, in a

short, plain statement, explain what actions Dr. Vallabhaneni took or did not take that rise to the level of criminal negligence sufficient to state a cause of action for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

**IT IS, THEREFORE, ORDERED that:**

**Plaintiff Willie Henderson has 21 days from the date of this Order to file an Amended Complaint that complies with the dictates of this Order. If Plaintiff fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).**

ENTER: April 4, 2014

FOR THE COURT:

                                                           s/ Sue E. Myerscough
                                                        SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE