UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANK E. DORKO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-3007 |
| | ) | |
| TARRY WILLIAMS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for inadequate nutrition while he was incarcerated at Western Illinois Correctional Center. The matter comes before this Court for ruling on the Defendants' Motions for Summary Judgment. (Doc. 40). The motion is granted.

## PRELIMINARY MATTERS

Defendants filed their motion for summary judgment on April 22, 2015. (Doc. 40). On April 23, 2015, the Clerk of Court sent Plaintiff a Rule 56 Notice. (Doc. 42). The notice informed Plaintiff that he had 21 days to respond to the Defendants' motion and that

failure to respond could result in dismissal of this action without trial. As of the date of this Opinion, Plaintiff has not filed a response, nor has he filed a motion seeking additional time to do so. Therefore, the Court will consider the Defendants' assertions of fact as undisputed for purposes of this ruling. See FED. R. CIV. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was incarcerated at Western Illinois Correctional Center ("Western Illinois") from August 14, 2013, until his release from the Illinois Department of Corrections on April 18, 2014. While incarcerated, Plaintiff was employed as an inmate server in Western Illinois' dietary department. Plaintiff served, but he did not prepare the food. Nor did he ever enter the food preparation area at the prison.

The defendants were employed at Western Illinois in the following capacities: Food Service Program Manager (Defendant Render); Correctional Food Service Supervisors (Defendants Delaporte, Dodds, Kurfman, Oeser, Ostenburg, Powell, Salrin, Schact, and Willard); and Warden (Defendant Williams). The food service defendants supervise inmate workers who prepare and serve the meals. Defendant Williams, the Warden, did not serve food or

instruct inmates regarding food service during the relevant time period.

The Illinois Department of Corrections produces a Master Menu to ensure that inmates receive adequate daily caloric intake. The Master Menu is a five-week schedule of daily menus that is cycled throughout the year. Each IDOC facility is expected to implement the Master Menu as closely as possible. To that end, IDOC facilities utilize "production sheets" that dictate the amount of food needed for any given meal. If a facility does not have an item on the production sheet, the facility is allowed to make a nutritionally appropriate substitution (i.e. vegetable for a vegetable). IDOC facilities require servers to use measuring utensils to ensure correct and uniform portions are served where the portion size is not premeasured (i.e. meat patties; other prepackaged food items). If widespread weight loss or other signs of malnutrition become prevalent within the facility, healthcare officials notify the dietary department. During the relevant time period, Western Illinois' health department did not notify the dietary department that such conditions existed.

In November 2013, Plaintiff was fired from his job as an inmate server for mishandling food items and creating a sanitation hazard. For at least fourteen (14) consecutive days thereafter, Plaintiff was on a hunger strike. As a result, Plaintiff lost approximately 18-22 pounds. After ending the hunger strike, Plaintiff gained approximately 28 pounds. Other than the weight loss and low blood sugar that Plaintiff experienced during his hunger strike, his medical records do not disclose any other symptoms of malnutrition while incarcerated at Western Illinois.

## ANALYSIS

To prevail, Plaintiff must show that actions of prison officials resulted in the deprivation of the "minimal civilized measure of life's necessities," and that in so acting, prison officials acted with deliberate indifference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. <u>Mayoral v. Sheehan</u>, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff asserts the portion sizes were too small and certain items (ketchup, mustard, relish, and cheese slices) were not served at all. See Pl. Dep. 17:11-24 (small serving sizes); 20:3-21:17 (omission of condiments). Plaintiff, however, has not presented any objective evidence to suggest that he suffered a deprivation serious enough to trigger constitutional concerns.

According to the medical records, Plaintiff weighed 182 pounds at the time he was transferred to Western Illinois in August 2013. (Doc. 41-6 at 4). Three days after he began his hunger strike in November 2013, he weighed 176 pounds. Id. at 11. The medical records do not show that Plaintiff suffered any nutrition-related maladies between the time he arrived at Western Illinois and the time he began his hunger strike. Nor does Plaintiff allege that prison officials denied him the requisite three meals per day. Even assuming that prison officials served an amount of food less than the IDOC guidelines required and without the condiments suggested by the plan, Plaintiff has not provided any evidence that

the food was not otherwise nutritionally adequate.  The Court would be hard-pressed to find that a loss of six (6) pounds over approximately 12 weeks constitutes objective evidence that Plaintiff was deprived of adequate food, especially in the absence of evidence that Plaintiff, or any other inmate, displayed symptoms of malnutrition.  Any significant weight loss Plaintiff experienced resulted from his voluntary hunger strike, not from the actions of prison officials.

While Plaintiff may have preferred certain condiments with certain foods, the Constitution does not require food to be prepared to an inmate's liking.  See Drake v. Velasco, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002) (complaints of cold, poorly prepared, or even food that occasionally contains foreign objects do not rise to the level of constitutional deprivation (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985))).  Therefore, the Court finds that no reasonable juror could conclude that Plaintiff suffered a sufficiently serious deprivation for purposes of the Eighth Amendment.

In addition, Plaintiff cannot show that the Defendants acted with deliberate indifference.  A finding that prison officials acted

with deliberate indifference requires a showing that prison officials appreciated an "excessive risk to inmate health or safety."  <u>Farmer</u>, 511 U.S. at 837.  Plaintiff has not provided any evidence that the Defendants were aware that the portion size and lack of condiments posed an excessive health risk to inmates.  The lack of notification from health officials to that end suggests otherwise.  Plaintiff may have complained to prison officials about the portion sizes, but the Court cannot reasonably infer from the evidence now in the record that the Defendants were subjectively aware of an excessive risk of harm to Plaintiff or any other inmate because the only indication in the record is that no such risk existed.  Therefore, the Court finds that no reasonable juror could conclude that the Defendants acted with deliberate indifference.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [40] is GRANTED.  The clerk of the court is directed to enter judgment in favor of the Defendants and against Plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in**

**determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     December 30, 2015.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
